# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 88-CR-227 |
| Plaintiff, | **ORDER DENYING MOTION TO MODIFY REMAINING TERM OF IMPRISONMENT** |
| vs. | |
| ANDRE PIERRE BROWN, | |
| Defendant. | |

Pending before the Court is Defendant Andre Pierre Brown's motion to modify his remaining term of imprisonment pursuant to 18 U.S.C. §3582(c)(2), or, in the alternative, to reconsider his sentence in light of *Kimbrough v. United States*, 128 S. Ct. 558 (2007). For the following reasons, the motion is DENIED.

Following a jury trial, Defendant was convicted of conspiracy to possess with intent to distribute approximately 533.9 grams of cocaine base, distribution of approximately one ounce of cocaine base, and possessing with intent to distribute approximately 507 grams of cocaine base. On December 19, 1988, the Hon. Howard B. Turrentine, Senior U.S. District Judge, sentenced Defendant to 321 months in custody. Defendant was released to a halfway house in August 2003, after serving 186 months on his sentence. On April 11, 2007, pursuant to parties' joint motion, this Court ordered that the defendant be placed on a term of five years of supervised release instead of parole. On December 21, 2007, this Court found Defendant to be in violation of the terms of his supervised

release, and sentenced him to 5 months in prison, followed by 3 years of supervised release. Defendant has completed his prison sentence.

Defendant now asks the Court to terminate his remaining supervised release term pursuant to 18 U.S.C. §3582(c)(2), in light of recent changes to the United States Sentencing Guidelines ("U.S.S.G."). Specifically, U.S.S.G. Amendment 706 lowered the penalties for most crack cocaine offenses by two levels. *See* U.S.S.G. App. C, Supp. Amend. 706, U.S.S.G. § 2D1.1. Amendment 706 has been given retroactive effect. *See* U.S.S.G. § 1B1.10(c). According to Defendant, he would have been sentenced to a term of prison of only 235 months under Amendment 706. The Government argues that Defendant's motion is moot, and the new guidelines do not permit the Court to lower a supervised release term.

Section 3582(c)(2) of Title 18 provides that:

> The court may not modify a term of imprisonment once it has been imposed except that . . . (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A motion for reduction of sentence under § 3582(c)(2) "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the guidelines." *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (citations and internal quotation marks omitted). A reduction of sentence under § 3582(c)(2) is discretionary. *See* 18 U.S.C. § 3582(c)(2); *Townsend*, 98 F.3d at 512 ("[T]he decision whether to reduce a sentence under § 3582 is within the discretion of the district court judge"). In determining whether a sentence should be modified following amendment of the guidelines, "the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines . . . been in effect at the time the defendant was sentenced. . . ." U.S.S.G. § 1B1.10(b). In addition, the court should determine whether a reduced sentence is warranted in light of factors set forth in 18 U.S.C. § 3553(a), including the nature of Defendant's offense, the need to afford adequate deterrence to criminal conduct, the need to protect the public from future crimes by Defendant, the need to provide Defendant with educational and vocational training, the kind of sentences generally imposed

1  for his offense, the Sentencing Commission guidelines and statements of policy, the need to avoid
2  disparity in sentencing, and the need to provide victims with restitution. *See United States v. Bravo*,
3  203 F.3d 778, 781 (11th Cir. 2000) (explaining two-part analysis).

4  The Government correctly notes that U.S.S.G. § 1B1.10(b) is silent as to whether a term of
5  supervised release may be reduced or terminated following amendment of the Sentencing Guidelines.
6  However, a court may terminate a term of supervised release "at any time after the expiration of one
7  year," if, based on an analysis of the § 3553(a) factors, "it is satisfied that such action is warranted by
8  the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Defendant
9  notes that he will be attending a prestigious university in the Spring and that he mentors at-risk youths.
10 He further notes that he served three years' of his supervised release term before this Court modified
11 his supervised release from ten to five years. According to the probation department, however,
12 Defendant engaged in criminal conduct during his term of supervised release. (Doc. 135, at 6.)
13 Defendant admitted that he violated his supervised release by not reporting to his probation officer as
14 directed and by failing to report a law enforcement contact. In light of these admissions, the Court
15 sentenced Defendant as set forth above. Under these circumstances, Defendant has failed to establish
16 why the relief requested is warranted.

17 In *Kimbrough*, the Supreme Court held that "it would not be an abuse of discretion for a district
18 court to conclude when sentencing a particular defendant that the crack/powder disparity yields a
19 sentence 'greater than necessary' to achieve § 3553(a)'s purposes." 128 S. Ct. at 575. Because "a
20 term of supervised release, 18 U.S.C. § 3583, is simply part of the whole matrix of punishment which
21 arises out of a defendant's original crimes," *United States v. Paskow*, 11 F.3d 873, 883 (9th Cir. 1993),
22 the Court would appear to have discretion to reconsider its sentence pursuant to *Kimbrough*. For the
23 reasons set forth above, however, the Court declines to do so. Defendant shall remain on supervised
24 release under the terms and conditions specified by the Court on December 21, 2007.

25 **IT IS SO ORDERED.**

26 DATED: December 2, 2008

27

28 _____
   HON. DANA M. SABRAW
   United States District Judge